Burns v. Ennis State Bank 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-232-CV

     JAMES E. BURNS, ET AL.,
                                                                              Appellants
     v.

     ENNIS STATE BANK, ET AL.,
                                                                              Appellee 
 
                           
From the 19th District Court
McLennan County, Texas
Trial Court # 93-2743-1 
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      On August 11, 1997, appellants filed an amended motion to dismiss this appeal. In relevant
portion, Rule 59(a) of the Texas Rules of Appellate Procedure provides:
(1) The appellate court may finally dispose of an appeal or writ of error as follows:
(A) In accordance with an agreement signed by all parties or their attorneys and
filed with the clerk; or
(B) On motion of appellant to dismiss the appeal or affirm the judgment
appealed from, with notice to all other parties; provided, that no other party
shall be prevented from seeking any appellate relief it would otherwise be
entitled to. 
Tex. R. App. P. 59(a).
      The appellants' motion states that the parties have agreed to a settlement of their disputes. 
As part of that settlement, the parties have agreed to the dismissal of this appeal with each party
bearing its own costs. Appellants ask that the dismissal order provide that all parties are released
from the conditions of their bonds. Appellants state that the motion is unopposed and is an agreed
motion.



      Appellants have certified that they have served the motion on the appellees. Appellees sought
no affirmative relief.
      Therefore, under the authority of Rule 59(a), the cause is dismissed. All parties are to bear
their own costs on this appeal. Having no authority to release the supersedeas bonds, we decline
to do so.
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed August 20, 1997
Do not publish



body>